UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-22695-CIV-LENARD/SIMONTON

FRANCINE B. BOBROFF,

    Plaintiff,
v.

UNIVERSITY OF MIAMI,

    Defendant.
_____/

## ORDER DENYING
## PLAINTIFF'S MOTION TO COMPEL
## AND FOR SANCTIONS

Presently pending before this Court is Plaintiff Francine Bobroff's Motion to Compel and for Sanctions, ECF No. [56]. Defendant University of Miami has filed a Response in Opposition, ECF No. [59], and Plaintiff has filed a Response to the Opposition, which this Court treats as a Reply, ECF No. [60]. The Honorable Joan A. Lenard, United States District Judge, has referred this Motion to the undersigned Magistrate Judge, ECF No. [58]. For the reasons stated below, the Motion is DENIED.

I.    **BACKGROUND**[1]

Plaintiff Francine Bobroff ("Bobroff") has filed a three-count Complaint seeking injunctive relief, reinstatement, and damages against her former employer, Defendant University of Miami ("the University"), based upon the University's alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., ("Title VII"). The Plaintiff, a white, 64 year old Jewish female who was employed at the University of Miami, alleges that her supervisors at the University of Miami discriminated against her due to

---

[1] The facts of this case were set forth in the Report and Recommendation regarding the Defendant's Motion to Dismiss, ECF No. [64] and therefore are not set forth fully herein.

her religion when she requested time off in September 2013, to observe religious holidays, ECF No. [1] at 2-3. The Plaintiff further alleges that she was terminated on or about December 3, 2014, ECF No. [1] at 6.

The Defendant has filed an Answer and asserted a number of Affirmative Defenses which, among other things, denies that the University engaged in discrimination and contends that all of the University's actions were taken for legitimate, non-discriminatory reasons, ECF No. [8].

The Plaintiff has filed the instant Motion to Compel and For Sanctions which relate to the conduct of Defendant's Counsel during the course of the depositions of two witnesses, Cassandra Wiggins and Dr. Joan Gaines, Ph.D.

## II.     THE POSITIONS OF THE PARTIES

In the Motion to Compel, the Plaintiff argues that Defendant hindered and greatly prejudiced the Plaintiff in directing Cassandra Wiggins, an unrepresented witness, to not answer certain questions posed by Plaintiff's Counsel to Ms. Wiggins in her deposition, ECF No. [56] at 1.[2]  Specifically, Plaintiff contends that when Plaintiff's counsel inquired about Cassandra Wiggins' marital status and medical treatment, Defendant's Counsel objected and improperly instructed the witness not to answer those questions.  The Plaintiff asserts that Defendant's Counsel's engaged in misconduct at the deposition and requests that the Court: 1) permit the Plaintiff to re-depose Cassandra Wiggins at the Defendant's expense; 2) extend fact discovery; 3) award the Plaintiff costs and fees; and, 4) impose other sanctions the Court deems appropriate.

The Plaintiff additionally contends that Defendant improperly commenced the deposition of Plaintiff's treating psychologist, Dr. Joan Gaines, PhD, *ex parte* prior to the

---

[2] Motions previously filed by the Parties reflect that Cassandra Wiggins was the Plaintiff's supervisor during the time at issue, and Plaintiff alleges Ms. Wiggins was one of the people who discriminated against the Plaintiff on the basis of the Plaintiff's religion.

arrival of the Plaintiff's counsel at that deposition.  Plaintiff cites the Florida Statute for the physician-patient privilege of confidentiality and contends that Defendant's Counsel's act of commencing the deposition *ex parte* caused the Plaintiff prejudice.  The Plaintiff further contends that defense counsel's actions were unprofessional and in violation of the Federal Rules of Civil Procedure.  The Plaintiff did not request any specific relief as to the deposition of Dr. Gaines in the Motion to Compel.

In Response to the Plaintiff's Motion, Defendant first counters that Plaintiff's Motion is untimely under Local Rule 26.1 because the Rule requires that motions related to discovery be filed within 30 days of the occurrence of grounds for the motion. Defendant asserts that although the depositions of Cassandra Wiggins and Dr. Gaines were conducted on April 18, 2016, and May 9, 2016, respectively, Plaintiff did not file the instant Motion to Compel and for Sanctions until June 9, 2016.   Defendant further contends that the Plaintiff's Motion is without merit because as to Dr. Gaines, Plaintiff's Counsel did not appear at the witness' deposition until 11:00 a.m., although the deposition was noticed for 9:00 a.m. Although Defendant's Counsel acknowledges that Plaintiff's Counsel called to inform Defendant's Counsel that he would be late due to traffic, Defendant contends when Defendant's Counsel attempted to reach Plaintiff's Counsel shortly before 10:00 a.m. to ascertain when Counsel would arrive at the deposition, no one answered Plaintiff's Counsel's cell phone or Plaintiff's Counsel's office phone.  Defendant further explains that Dr. Gaines was only available until noon that day and charged an hourly rate of $400.00.  Thus Defendant's Counsel commenced the deposition at 10:00 a.m.

As to Cassandra Wiggins' deposition, Defendant contends that Plaintiff's Counsel improperly terminated the deposition when Defendant's Counsel properly objected to

two questions regarding the witness' personal life that were intended to simply harass the witness.

In her Reply, the Plaintiff contends that on the day of Dr. Gaines' deposition, both Plaintiff's Counsel and Defendant's Counsel were tardy due to the traffic on I-95. Plaintiff further asserts that Plaintiff's Counsel was only advised that the location of Dr. Gaines' deposition would be changed and was not notified that the deposition would be moved from 10:00 a.m. to 9:00 a.m. in order to accommodate Dr. Gaines' need to conclude the deposition at noon.

### III.  LEGAL FRAMEWORK

Fed. R. Civ. P. 37, entitled "Failure to Make Disclosures or to Cooperate in Discovery; Sanctions" provides in pertinent part,

> a) Motion for an Order Compelling Disclosure or Discovery.
>
> (1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.
>
> . . . .
>
> (3) Specific Motions.
> . . . .
>
> (C) Related to a Deposition. When taking an oral deposition, the party asking a question may complete or adjourn the examination before moving for an order.

Fed. R. Civ. P. 37. Although Plaintiff does not specifically cite Fed. R. Civ. P. 37 in the Motion to Compel, Rule 37 gives district courts broad discretion to fashion appropriate sanctions for violations of discovery rules and orders. See Fed. R. Civ. P. 37; *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993). Sanctions under Rule 37 can

4

be imposed for a variety of purposes, including: "1) compensating the court and other parties for the added expense caused by the abusive conduct; 2) compelling discovery; 3) deterring others from engaging in similar conduct; and 4) penalizing the guilty party or attorney." *Nukote Intern., Inc. v. Office Depot, Inc.*, No. 09-CV-82363-DTKH, 2015 WL 71566, *8 (S.D. Fla. 2015); *See Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440, 1453 (11th Cir.1985) (citations omitted).

Federal Rule of Civil Procedure 30, entitled "Depositions by Oral Examination" provides, in relevant part,

> (2) Objections. An objection at the time of the examination-- whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition--must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).
>
> . . . .
>
> (d) Duration; Sanction; Motion to Terminate or Limit.
> . . . .
>
> (2) Sanction. The court may impose an appropriate sanction-- including the reasonable expenses and attorney's fees incurred by any party--on a person who impedes, delays, or frustrates the fair examination of the deponent.
>
> (3) Motion to Terminate or Limit.
>
> (A) Grounds. At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. The motion may be filed in the court where the action is pending or the deposition is being taken. If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order.

>  **(B) Order.** The court may order that the deposition be terminated or may limit its scope and manner as provided in Rule 26(c). If terminated, the deposition may be resumed only by order of the court where the action is pending.
>
>  **(C) Award of Expenses.** Rule 37(a)(5) applies to the award of expenses.

**Fed. R. Civ. P. 30.**

    **IV.    ANALYSIS**

        **A.    Deposition of Cassandra Wiggins**

For the following reasons, the Plaintiff's Motion is denied as it pertains to the deposition of Cassandra Wiggins. First, Plaintiff's Motion to Compel is untimely. On December 14, 2015, the undersigned entered a General Order on Discovery Objections and Procedures, which among other things required that all discovery disputes be set for a hearing within fourteen (14) days of the date of the occurrence of the grounds for dispute, ECF No. [34] at 5. In addition, Local Rule 26.1(g) requires that all discovery related motions be filed within (30) days from the occurrence of grounds for the motion. The Rule further provides that failure to file a discovery motion within thirty (30) days, absent a showing of reasonable cause for a later filing, may constitute a waiver of the relief sought. Cassandra Wiggins' deposition was conducted on April 18, 2016. By all accounts, Plaintiff's Counsel terminated the deposition after Defendant's Counsel instructed the witness to not answer certain questions. On June 9, 2016, the Plaintiff moved to compel a second deposition of Ms. Wiggins based upon the termination of the prior deposition. That request is thus untimely and Plaintiff has not offered a reasonable cause for the late filing.[3] Moreover, Plaintiff failed to set this discovery dispute for a

---

[3] To the extent that the Plaintiff seeks to couch the requested relief in terms of a sanction rather than a motion to compel, the Court notes that Local Rule 26.1(g) specifically refers to motions to compel discovery which is the essence of the relief that Plaintiff seeks, i.e. a deposition where Ms. Wiggins answers Plaintiff's Counsel's questions, and therefore the request is untimely.

hearing on the discovery calendar, as required by the General Order on Discovery Objection and Procedures, ECF No. [34].  The Motion should be denied on this basis alone.

In addition, Plaintiff has failed to comply with the conferral requirements set forth in Fed. R. Civ. P. 37 in seeking to compel a further deposition in this matter.  Specifically, as set forth above, Rule 37(a)(1) requires that a party seeking to compel discovery must include a certificate with the Motion that states that the movant has conferred in good faith with the party or person failing to make disclosure or discovery.  Similarly, Local Rule 7.1(a) requires that the moving party confer with, or make reasonable effort to confer with, all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion. The Plaintiff has included a paragraph in the Motion which states that because Cassandra Wiggins is unrepresented and neither Counsel in this case have been retained to represent her, Plaintiff's counsel is unable to amicably and properly resolve the issues, ECF No. [56].  These statements fail to explain whether Plaintiff's counsel attempted to confer with opposing counsel or Ms. Wiggins about reconvening the deposition or limiting the questions to be asked at a second deposition. Thus, the Motion reflects that Plaintiff's Counsel failed to comply with the applicable rules and instead decided that because the witness was not represented by counsel, such attempts would be futile.  Neither Rule 37 nor Local Rule 7.1 excuse the conferral requirement on this basis, and thus Plaintiff's Motion should also be denied on this ground. See *Avera v. United Airlines, Inc.*, 465 F. App'x 855, 859 (11th Cir. 2012) (referencing Rule 37's certification of conferral requirement and finding no abuse of discretion where magistrate judge denied movant's motion to compel without prejudice because movant

7

failed to seek to resolve dispute prior to filing motion, and movant failed to refile motion after conferral).

Moreover, as set forth above, Rule 30 provides, among other things, that at any time during a deposition, the deponent or a party may move to terminate or limit the deposition on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. Fed. R. Civ. P. 30(d)(3)(A). In this case, Counsel for the Defendant instructed the witness not to answer two questions but permitted Plaintiff's counsel to continue to question the deponent on other matters. The Plaintiff contends that this procedure runs afoul of Fed. R. Civ. P. 30(c)(2) which provides that a person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3). The Plaintiff therefore urges the Court to sanction the Defendant for objecting to certain questions posed by Plaintiff's Counsel and directing the witness not to answer those questions. The undersigned determines that sanctions are not warranted on this basis under the facts of this case.

First, although the witness was instructed not to answer two questions, the Court finds that Counsel for the Defendant did not impede, delay or frustrate the fair examination of the deponent. This fact is significant because section (d)(2) of Rule 30 provides that the court may impose an appropriate sanction on a person who impedes, delays or frustrates the fair examination of the deponent. While section (d)(2) does not limit the Court's authority to sanction counsel for violations of the other sections of Rule 30, section (d)(2) does provide some guidance as to what conduct at depositions warrants the imposition of sanctions. In this case, given that under Rule 30, Counsel for the Defendant could have suspended the deposition while seeking to obtain an order to limit the deposition on the ground that it was being conducted in a manner that

embarrassed and/or oppressed the deponent, Counsel for the Defendant instead permitted the deposition to proceed and did not instruct the deponent to not answer any of the other questions from Plaintiff's Counsel, and thus actually attempted to allow the deposition to proceed with relatively little disruption.

On the other hand, and somewhat surprisingly, Plaintiff's Counsel abruptly and unnecessarily terminated the deposition. On this point, Plaintiff contends that, "Plaintiff's counsel was forced to conclude the deposition. . ." after Defendant's Counsel improperly objected to certain questions posed to Cassandra Wiggins and instructed her not to answer those questions, ECF No. [56] at 6.[4] However, a review of the deposition transcript, which has been submitted to the Court by the Plaintiff, does not support the Plaintiff's assertion. At the deposition, Plaintiff's Counsel certified the following two questions following Defendant's Counsel's objections:

> 1. And was that separation—was anything going on in your life that caused that separation during this period when Ms. Bobroff worked at the university?
>
> 2. Are you under the care of any physician right now?

ECF No. [56-1] at 4. The transcript reflects that the first of the two questions pertained to the witness' marital separation in September of 2015, approximately ten months after the Plaintiff had been terminated, ECF No. [56-1] at 5-7. Defendant's Counsel objected to the question as being harassing and irrelevant because Plaintiff's Counsel did not connect the question to the Plaintiff's employment, ECF No. [56-1] at 7. The witness did not answer that question but answered the following questions including those about the death of her father, ECF No. [56-1] at 8. Counsel for the Defendant advised Plaintiff's

---

[4] The Plaintiff also contends that Defendant's Counsel engaged in aggressive behavior at the deposition which further necessitated Plaintiff's Counsel terminating the deposition. The undersigned finds that this allegation is not supported by the transcript and does not merit further discussion.

**Counsel that the witness would answer his questions unless Counsel directed the witness otherwise.**

**Plaintiff's Counsel then inquired about medication that the witness was taking, ECF No. [56-1] at 9-10. Counsel for the Defendant requested that Plaintiff's Counsel limit the question to inquiring whether those things would affect the witness' testimony. The witness provided the name of the medicine that she was currently taking and stated that it did not affect her testimony in the deposition, ECF No. [56-1] at 9-10. Plaintiff's Counsel then asked whether the witness was under the care of any physician at the time of the deposition, ECF No. [56-1] at 11. Defendant's Counsel advised the witness that she did not have to answer that question and contended that the question was not relevant and was harassing. Counsel for the Plaintiff then ended the deposition, ECF No. [56-1] at 11. Thus, it was Plaintiff's Counsel who terminated the deposition without a valid ground for doing so. Indeed, the two questions that were certified at the deposition, as asked, were not relevant to the action, and likely served only to harass the witness, particularly given that the events surrounding the Plaintiff's claims occurred ten months earlier than the witness' marital separation and a year and four months prior to Ms. Wiggins' deposition. Plaintiff's Counsel did not explain at the deposition why the disputed questions were not harassing and similarly did not offer any explanation for those questions in the instant Motion to Compel and For Sanctions. Simply put, although Counsel for the Defendant instructed the witness not to answer two irrelevant and harassing questions, the Plaintiff could have simply continued to conduct the deposition and sought to compel the answers to those certified questions following the deposition.[5] Instead, Plaintiff's Counsel elected to unnecessarily terminate the deposition and then sought to redepose**

---

[5] **Rule 30(a)(3)(c) specifically provides that a party may either complete or adjourn the examination before moving for an order.**

**the deponent at the Defendant's expense. Such conduct undermines the spirit of Rule 30 and, in this case, unnecessarily impeded discovery.**

**In addition, this case is distinguishable from other cases where counsel instructs a witness not to answer questions that are merely beyond the scope of relevant discovery as opposed to questions that seek to discover information about a witness' private and personal life solely to embarrass and harass the witness. Under such circumstances, permitting the witness to answer the harassing and private questions first before seeking relief from the Court would, in essence, allow the very damage to be inflicted that counsel sought to avoid.[6] In other words, unlike questions that exceed the scope of discovery that can be stricken from the record if answered, the damage done from harassing questions regarding a non-party's personal life is complete once the witness answers the question. Such tactics should not be countenanced by this Court.**

**Accordingly, the Plaintiff's request for relief on this issue is denied.**

---

**[6] The undersigned is aware of other district courts that have held that even when the witness is asked harassing and irrelevant questions, opposing counsel should halt the deposition and seek relief from the court rather than instructing the witness not to answer. See, e.g., *Buckley Towers Condominium, Inc., v. QBE Ins. Corp.* 2009 WL 2645680, *8 (S.D. Fla. 2008) *(citing Biovail Laboratories, Inc. v. Anchen Pharmaceuticals, Inc.*, 233 F.R.D. 648, 653 (C.D. Cal. 2006); *In re Omeprazole Patent Litig.*, 227 F.R.D. 227, 230 (S.D.N.Y.2005) ("It is not the prerogative of counsel, but of the court, to rule on objections.... [I]f the plaintiff's attorney believed that the examination was being conducted in bad faith ... or that the deponents were being needlessly annoyed, embarrassed, or oppressed, he should have halted the examination and applied immediately to the ex parte judge for a ruling on the questions, or for a protective order, pursuant to Rule 30(d).") (citation omitted). However, the undersigned concludes that under the specific facts of this case, Defendant's Counsel's decision to allow the deposition to proceed after the two questions were certified was the most efficient means of handling the situation and comported with the spirit of Rule 30. Even if the Defendant's Counsel was incorrect in selecting this approach, Defendant Counsel's conduct does not warrant the imposition of sanctions particularly given that Plaintiff's Counsel terminated the deposition and failed to timely seek relief from the Court on this issue.**

### B. Deposition of Dr. Joan Gaines[7]

The Plaintiff also contends that the Defendant should be sanctioned for Defendant's Counsel's conduct in commencing the deposition of Dr. Joan Gaines e*x parte*, before Plaintiff's counsel arrived at the deposition. The Plaintiff's Motion on this basis is also without merit.

First, although the Plaintiff contends that Counsel believed that Dr. Gaines' deposition was scheduled to commence at 10:00 a.m., Counsel was nevertheless an hour late in arriving at the deposition at 11:00 a.m.[8] Although Plaintiff's Counsel initially called to inform Defendant's Counsel that he would be half an hour late, Plaintiff's Counsel never called Counsel again to inform Defendant that he would be an additional

---

[7] To the extent that Defendant contends the Plaintiff's Motion as to Dr. Gaines is untimely, the undersigned agrees that the Motion was not filed within the time set forth in the undersigned's Discovery Procedures. However, the Motion was filed within the time limits of the Local Rules, and thus is deemed to be filed timely.

[8] The undersigned notes that there is a discrepancy regarding the time at which Dr. Gaines' deposition was re-noticed to commence. In its opposition to the Motion to Compel, Defendant states that Dr. Gaines' deposition was re-noticed to commence at 9:00 a.m. on May 9, 2016, ECF No. [59] at 2. Defendant attached a copy of the Second Re-Notice of Taking Dr. Joan Gaines' Deposition Duces Tecum which reflects that the deposition of Dr. Gaines was re-noticed for 9:00 a.m. on May 9, 2016, ECF No. [59-1] at 33. The Certificate of Service attached to the Notice indicates that the notice was served on Plaintiff's Counsel and Dr. Gaines via electronic mail on April 25, 2016, ECF No. [59-1] at 35. However, in Plaintiff's Reply to the Motion, Plaintiff contends that the amended notice of deposition only stated that there would be a "change in location only" and indicated that the deposition was scheduled to begin at 10:00 a.m. rather than 9:00 a.m., ECF No. [60] at 4 n.1. The undersigned need not resolve this conflict however, because under either scenario, Counsel for the Plaintiff was an hour late for the Dr. Gaines' deposition, and at least half an hour later than she indicated that she would be after notifying Defendant's Counsel that she was running late. Indeed, by Plaintiff's Counsel's own account, although Plaintiff's Counsel's office electronically notified Defendant's Counsel at 8:40 a.m. that Plaintiff's Counsel would be half an hour late to the deposition due to traffic, ECF No. [56-2] at 2, Plaintiff's Counsel was an hour late and did not contact Defendant's Counsel to alert him to the additional delay. Further, although not the basis for the undersigned's determination on this issue, the undersigned notes that the transcript of Dr. Gaines' deposition reflects that once Plaintiff's Counsel arrived, Defendant's Counsel placed on the record that the deposition was set to commence at 9:00 a.m., and Plaintiff's Counsel did not correct that statement, but only objected to deposition commencing ex parte, and that it wasn't rescheduled, ECF No. [56-3] at 37.

thirty minutes late. Despite Plaintiff's argument to the contrary, this failure is not excused due to the fact that traffic on I-95 is particularly heavy on weekday mornings. Rather, given that it is undisputed that the deposition was properly noticed, Dr. Gaines was charging the Defendant $400.00 an hour for the deposition, and Dr. Gaines had to terminate the deposition by noon, sanctions are not warranted for Defendant's Counsel decision to commence the deposition prior to Plaintiff's Counsel's arrival.

Moreover, while the undersigned believes that the better course of action may have been for Dr. Gaines' deposition to be continued given Plaintiff's Counsel's inability to timely arrive at the deposition, the Plaintiff has failed to demonstrate that the Plaintiff suffered any prejudice from the deposition proceeding in the manner that it did. The Plaintiff has not sought to strike any of the specific testimony given by Dr. Gaines and has not sought to re-depose Dr. Gaines or to correct any of her testimony by means of the Errata sheet or otherwise. The undersigned is aware that the Plaintiff has contended that she is unable to respond to the Defendant's Motion for Summary Judgment adequately due to the *ex parte* nature of the deposition, ECF No. [69]. However, a review of the Motion for Summary Judgment reveals that there is nothing in the Defendant's Summary Judgment Motion that refers to the Plaintiff's damages or requires the Plaintiff to offer a response based upon the testimony of Dr. Gaines.[9] Simply put, there is no

---

[9] On this issue, the undersigned notes that this case is easily distinguishable from *Wallace v. Burnside*, No. Civ. A. 5:07-CV-166, 2009 WL 596603, at *1, which Plaintiff cited in its Response to the Defendant's Motion for Summary Judgment, ECF No. [72] at 3. While Plaintiff correctly states that in *Wallace* the Court held that the failure to address the outstanding requests for discovery before ruling on the motion for summary judgment was error, the Court also cited *Snook v. Trust Co. of Ga.*, 859 F. 2d 865, 870 (11th Cir. 1988), for the proposition that a party opposing summary judgment should be allowed the opportunity to obtain and utilize discovery "if the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment. . ." *Wallace,* at *1. In *Wallace*, the District Court Judge determined that the Magistrate Judge had improperly determined that the motions seeking discovery in order to respond to summary judgment were moot, rather than determining whether the opposing party had an adequate opportunity to complete discovery prior to ruling on the

indication that the Plaintiff has suffered any damages as a result of the deposition beginning prior to Plaintiff's Counsel's arrival.

Further, to the extent that Plaintiff contends that Defendant's Counsel's *ex parte* commencement of the deposition of Dr. Gaines violated the psychotherapist-patient privilege, and/or violated the restriction on the disclosure of Plaintiff's medical records under Florida Statute §456.047, those arguments are of no moment in determining whether sanctions are warranted under the facts of this case.  First, the Plaintiff admits that she authorized the release of Dr. Gaines' treating records in order to establish Plaintiff's claims of mental anguish and emotional distress, ECF No. [60] at 5. More importantly, Plaintiff has made no allegation that the substance of the testimony given by Dr. Gaines violated the Plaintiff's privacy rights by disclosing information that otherwise would not have been disclosed. Again, this argument is undermined by the Plaintiff's failure to seek to strike any of Dr. Gaines' testimony obtained prior to the arrival of Plaintiff's Counsel.  In this regard, it bears noting that Dr. Gaines' ex parte deposition testimony was memorialized in a court reporter's transcript, and thus any improper disclosures made during the deposition were preserved and available for Plaintiff's Counsel's review.

Similarly, Plaintiff's claims that Defendant's Counsel violated the Florida Bar's Creed of Professionalism and Federal Rules of Civil Procedure fail where there is no evidence that Defendant's Counsel violated any particular rule or failed to give Plaintiff's Counsel reasonable notice of the deposition or to accommodate Plaintiff's Counsel's

---

motion for summary judgment.  In this case, to the extent the Plaintiff seeks additional discovery related to Dr. Gaines, that discovery is not relevant to the issues presented by the motion for summary judgment.  Moreover, since Dr. Gaines is Plaintiff's treating psychologist, any gaps in the deposition or need for clarification could presumably be accomplished by filing an affidavit from Dr. Gaines.

schedule in setting the deposition.[10]  Plaintiff's Counsel admits that he was running late due to traffic and further admits that at a minimum, he was an hour late for the deposition.  Under such facts, the undersigned is unable to conclude that Defendant's Counsel violated any of the Rules generally alluded to in the Motion.

Finally, Plaintiff's argument that Defendant's Counsel improperly scheduled Dr. Gaines' deposition for a time where there was insufficient time for the deposition to be completed is also belied by the record.  Rather, the record reflects that Dr. Gaines' deposition commenced at 10:00 a.m. and concluded at 11:31 a.m., nearly a half an hour before Dr. Gaines requested that the deposition conclude, ECF No. [56-3] at 2.  Thus, there is no merit to the Plaintiff's contention that Defendant's Counsel failed to provide sufficient time for the deposition to be completed.

V.      **CONCLUSION**

Based upon the foregoing analysis, it is hereby

**ORDERED and ADJUDGED** that Plaintiff Francine Bobroff's Motion to Compel and for Sanctions is **DENIED**, ECF No. [56].

**DONE AND ORDERED** in chambers in Miami, Florida, on October 31, 2016.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

**Copies furnished via CM/ECF to:**

---

[10] **Plaintiff refers to Section F of the Florida Bar Creed of Professionalism which sets forth guidelines for conduct at depositions, ECF No. [56] at 10-11.  However, it does not appear that Defendant's Counsel contravened any of the guidelines set forth in the Creed of Professionalism.**

**The Honorable Joan A. Lenard,**
       **United States District Judge**
**All counsel of record**